IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| TODD UPSHAW, | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 5:15-CV-0395-MTT-MSH |
| VS. | : | |
| | : | |
| GREGORY MCLAUGHLIN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

### ORDER & RECOMMENDATION

Plaintiff Todd Upshaw, an inmate currently confined at Macon State Prison, in Oglethorpe, Georgia, has filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. Plaintiff also requests leave to proceed in this action *in forma pauperis* and moves for emergency injunctive relief.

For those reasons discussed below, Plaintiff will be permitted to proceed *in forma pauperis* without pre-paying any portion of the filing fee. After reviewing Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), the undersigned will also allow Plaintiff to go forward with both his Fourteenth Amendment due process claims (against Defendants Lindsey, McLaughlin, Bobbit, Wilkinson, Bostick and Demundo) and his First Amendment claims against Defendants Colbert and Hall. It is, **RECOMMENDED**, however, that Plaintiff's First Amendment claims against Defendants Jones and McIntosh be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1). It is also **RECOMMENDED** that Plaintiff's Motion for "Temporary Restraining Order and

Preliminary Injunction" (ECF No. 1-1) be **DENIED**.

I.     **Motion to Proceed** *in forma pauperis*

With his Motion Proceed *in forma pauperis*, Plaintiff has filed an affidavit in support of his claim of indigency and a copy of his trust fund account statement. Based on these submissions, the undersigned finds that Plaintiff is currently unable to prepay the entire $350.00 filing fee. Plaintiff's Motion to Proceed *in forma pauperis* is thus **GRANTED**. This does not mean that the filing fee is waived. Federal law requires that Plaintiff still pay the full filing fee over time using the payment plan described in § 1915(b) and ordered herein. The Clerk is thus **ORDERED** to forward a copy of this **ORDER** to the warden and/or business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the Court's filing fee.

II.    **Preliminary Review**

   A. **Standard of Review**

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his complaint. *See* 28 U.S.C. § 1915A(a). In so doing, the district court must accept all factual allegations in the complaint as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and are "liberally construed" by the court. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

A *pro se* pleading is, nonetheless, subject to dismissal prior to service if the court

finds that the complaint, when construed liberally and viewed in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). To state a claim, a complaint must include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The plaintiff must also allege sufficient facts to "raise the right to relief above the speculative level" and create "a reasonable expectation" that discovery will reveal evidence to prove a claim. *Id*. "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] complaint must contain either direct or inferential allegations" from which the court can identify the "material elements necessary to sustain a recovery under some viable legal theory." *Green v. Sec'y, Fla. Dep't of Corr*., 618 F. App'x 655, 656 (11th Cir. 2015) (quoting *Snow v. DirecTV, Inc*., 450 F.3d 1314, 1320 (11th Cir. 2006)). *See also Roe v. Aware Woman Ctr. for Choice, Inc*., 253 F.3d 678, 684 (11th Cir. 2001).

### B. Plaintiff's Complaint

The present action arises out of Plaintiff's confinement in the "Tier II behavioral modification program" at Macon State Prison. The Complaint alleges that Plaintiff was arbitrarily and falsely "validated" as a member of the "Crips" gang and then placed in Tier II, long term administrative segregation, in October 2013 because he was a threat to the "safe and secure operations of the facility." Defendants Bobbitt, Wilkinson, Bostick, and McIntosh were, at all times relevant to this action, members of the "classification

committee," and Defendant Warden McLaughlin approved their decisions. Plaintiff contends, however, that the official who validated him as a gang member, Lieutenant Demundo, did so without any credible proof and despite Plaintiff's repeatedly informing him otherwise and requesting proof of the validation.

When he was transferred to Tier II, Plaintiff was provided an administrative segregation hearing and given an appeal form by a counselor, Defendant Lindsey. Plaintiff has also been provided ninety days reviews of his placement where he is permitted to speak on his own behalf, but is not permitted to present evidence or view the allegations against him. Plaintiff contends, however, the placement and reviews are done "haphazard" and in an arbitrary fashion; that he has never been properly evaluated to determine whether he is a security risk;, and that the system is both inconsistent and confusing—i.e., some disciplinary write ups result in punishment while others might result in a loss of privileges or affect classification. Plaintiff further contends that, prior his transfer to Tier II, he had no knowledge of a suspected gang affiliation and that there is no set criteria (or evidentiary minimum) for determining whether he is a gang member and security risk.

The Complaint additionally alleges that, while confined in Tier II: (1) Defendant McIntosh, a "CERT" team, and a "COBRA" squad unlawfully seized Plaintiff's property; (2) Defendants Colbert and Hall, mailroom personnel, unlawfully impounded Plaintiff's incoming publications; and (3) Defendant Jones denied Plaintiff access to legal materials.

Based on Plaintiff's allegations the undersigned presumes that Plaintiff has brought Fourteenth Amendment procedural and/or substantive due process claims against

4

Defendants Lindsay, Bobbitt, Wilkinson, Bostick, McIntosh, and McLaughlin. Plaintiff also appears to bring First Amendment claims against Defendants McIntosh, Colbert, Hall, and Lindsay.

### 1. Due Process Claims

After liberally construing Plaintiff's Complaint and reading all allegations in his favor, the undersigned finds that Plaintiff's procedural and/or substantive due process claims against Lindsay, McLaughlin, and the members of the classification committee—Bobbitt, Wilkinson, Bostick, and McIntosh—should be allowed to go forward for further factual development. Those parties shall therefore be served.

### 2. Claims for Loss of Books & Publications

When his allegations are liberally construed, Plaintiff also appears to claim that mail room personnel, Defendants Colbert and Hall, have improperly withheld his mail by impounding his books and publications. A prisoner's allegations of interference with his mail may support a free speech claim under the First Amendment. "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." *Al–Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008). Prisoners likewise have a First Amendment right to receive and possess newspapers and similar publications. *See Beard v. Banks*, 548 U.S. 521, 543 (2006) (J. Stevens, dissenting).

These rights, however, must be balanced against prison security and administrative concerns. *Turner v. Safley*, 482 U.S. 78, 84–93 (1987). At this early stage, it is unclear why Defendants Colbert and Hall impounded Plaintiff's mailed publications. His First Amendment claims against these defendants will thus also be allowed to go forward for

5

further factual development.

Plaintiff, however, has failed to state a First Amendment claim against Defendant McIntosh.  Though the Complaint does allege that a "CERT team" and "COBRA squad" seized Plaintiff legal books, dictionary, and ESPN magazine during cell searches, none of those officers are identified and none of these takings are in anyway linked to Defendant McIntosh in the Complaint.  Plaintiff only alleges that on November 10, 2014, McIntosh told Plaintiff that he had too much property and that it would be taken and inventoried so that he would only have the things he was authorized to have.  The allegations against McIntosh do not mention any publications.  As such, it is **RECOMMENDED** that Plaintiff's First Amendment against Defendant McIntosh be **DISMISSED** without prejudice for failure to state a claim.

In the event that the undersigned is required to consider a Fourteenth Amendment due process claim based on the taking of Plaintiff's personal property, that claim also fails. The seizure of an individual's property does not give rise to liability under § 1983 "if a meaningful post-deprivation remedy for the loss is available."  *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991).  The State of Georgia provides Plaintiff such a remedy.  *See* O.C.G.A. § 51-10-1; *Lindsey*, 936 F.2d at 561 (finding no procedural due process violation because Georgia "has provided an adequate post deprivation remedy" in O.C.G.A. § 51-10-1).

      3.    Claim for Denial of Access to the Courts

Plaintiff has also failed to state a First Amendment claim against Defendant Jones for denial of access to the courts.  Although prisoners do have a constitutional right to

6

access the courts, a plaintiff cannot prevail on First Amendment claim in the absence of an "actual injury." *Lewis v. Casey*, 518 U.S. 343, 349-52 (1996). This requires a plaintiff to show that the defendant hindered his efforts to pursue a non-frivolous legal claim. *Id*. The actual injury requirement is not satisfied by any type of frustrated legal claim, however; it is limited to "qualified legal actions"—i.e., criminal trials or appeals; habeas proceedings; and § 1983 cases challenging the conditions of his confinement. *Hyland v. Parker*, 163 F. App'x. 793, 798 (11th Cir. 2006).

In this case, Plaintiff fails to identify any actual injury. He only makes a single allegation that Defendant Jones denied Plaintiff access to the library on October 23, 2014. It is therefore **RECOMMENDED** that any access to the courts claim against Jones be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

### III.   Motion for Preliminary Injunction

Along with his Complaint, Plaintiff has filed a "Motion for Temporary Restraining Order or Preliminary Injunction" (ECF No. 1-1). Therein, Plaintiff essentially moves the Court to order Defendants to release him from administrative segregation. This type of relief must be sought in a habeas action and cannot be granted under § 1983. *See generally Heck v. Humphrey*, 512 U.S. 477, 481 (1994). *See also Hartley v. Ellis*, 2012 WL 4378013, at * 1 (M.D. Fla. Sept. 25, 2012) ("a district court [may] treat a petition for release from administrative segregation as a petition for a writ of habeas corpus" because "[s]uch release falls into the category of 'fact or duration of . . . physical imprisonment.'") (quoting *Krist v. Ricketts*, 504 F.2d 887, 887–88 (5th Cir. 1974)).

Also, to establish a right to an injunction, Plaintiff must show "(1) substantial

likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). At this stage, Plaintiff has not shown a "substantial likelihood of success on the merits," as he has yet to identify any objective evidence to support his claims. Plaintiff has likewise failed to make the required showing of an irreparable injury in the absence of an injunction. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("a party has standing to seek injunctive relief only if [he] alleges, and ultimately proves, a real and immediate . . . threat of future injury.").

Plaintiff's Motion thus falls well-short of meeting the prerequisites for issuance an injunction, and it is **RECOMMENDED** that the Motion be **DENIED**.

## IV. Right to File Objections

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to any recommendation with the United States District Judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Order and Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## V. Order for Service

For those reasons discussed above, it is hereby **ORDERED** that service be made on Defendants McLaughlin, Bobbitt, Wilkinson, Bostick, McIntosh, Demundo, Lindsey, Colbert and Hall and that they file an Answer, or other response as appropriate under the Federal Rules, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendants are reminded of the duty to avoid unnecessary service expenses, and the possible imposition of expenses for failure to waive service.

### DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

### DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and

correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff. Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian. Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Fed. R. Civ. P. 37 of the Federal Rules of Civil Procedure.

**IT IS HEREBY ORDERED** that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is

otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court. This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the Court in the absence of a separate motion accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but no later than one hundred-twenty (120) days from when the discovery period begins.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.  It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

SO **ORDERED**, this 2nd day of December, 2015.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

13