**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **TODD UPSHAW,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:15-CV-395 (MTT)** |
| ) | |
| **Warden MCLAUGHLIN,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## <u>ORDER</u>

After screening Plaintiff Todd Upshaw's complaint pursuant to 28 U.S.C. §
1915A(a), United States Magistrate Judge Stephen Hyles ordered the due process
claims against Defendants Counselor Lindsey, Gregory McLaughlin, Trevonza Bobbitt,
Kendrick Wilkinson, Stephen Bostick, and Demenico Demundo and the First
Amendment claims against Defendants Mary Colbert and Cornelia Hall to go forward.
(Doc. 7).  The Magistrate Judge recommends dismissing without prejudice the Plaintiff's
First Amendment claims against Defendants Mistie Jones and Tracy McIntosh and
denying the Plaintiff's motion for a "temporary restraining order and preliminary
injunction" (Doc. 1-1).  (Doc. 7).  The Plaintiff has objected to the Recommendation
(Doc. 10), and the Court has conducted a de novo determination of the portions of the
Recommendation to which the Plaintiff objects.

In his objection, the Plaintiff has asserted additional facts to address some of the
deficiencies in his complaint described in the Recommendation.  Therefore, the Court
will construe the objection as a motion to amend the complaint.  *See Newsome v.
Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 344 (11th Cir. 2007) ("Although the form of

those additional allegations were objections to the recommendation of dismissal, the collective substance of them was an attempt to amend the complaint. Because courts must construe pro se pleadings liberally, the district court should … consider[ the plaintiff's] additional allegations in the objection as a motion to amend his complaint and grant[ ] it."). Accordingly, this motion is **GRANTED.**

The Plaintiff objects to the recommendation to dismiss his First Amendment claim against McIntosh based on the alleged confiscation of the Plaintiff's books and publications. The Magistrate Judge recommends dismissing this claim because the Plaintiff failed to allege McIntosh deprived him of any of his books and publications. However, in his objection, the Plaintiff provides additional facts that McIntosh confiscated the Plaintiff's personal property including his Bible, yoga materials, study materials, "all of Plaintiff's publications" that had been preapproved by the prison administration, and magazines. (Doc. 10 at 2-5). Given these new allegations, the Court will allow the Plaintiff's First Amendment claim against McIntosh to go forward for further factual development.

The Plaintiff also objects to the recommendation to dismiss his First Amendment claim against Jones based on his allegedly denying the Plaintiff access to the library. Construing the allegations as an access-to-courts claim, the Magistrate Judge recommends dismissing this claim because the Plaintiff failed to allege an actual injury. The Plaintiff has not alleged an actual injury in his objection. Accordingly, for the reasons stated in the Recommendation, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as to any First Amendment access-to-courts claim.

The Plaintiff does allege in his objection that Jones "denied Plaintiff his weekly access to reading material, books, magazines, etc." (Doc. 10 at 6). Therefore, just as the similar claim against McIntosh is allowed to go forward, the Plaintiff's First Amendment claim against Jones based on this alleged conduct is also allowed to go forward for further factual development.

Finally, the Plaintiff objected to the Magistrate Judge's recommendation to deny his motion for a temporary restraining order and preliminary injunction. The Plaintiff seeks to be released from administrative segregation. For the reasons stated in the Recommendation, the Court agrees the Plaintiff's motion should be denied. Thus, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as to this motion.

Accordingly, for the reasons stated, the Recommendation is **ADOPTED as modified**. The First Amendment claims against McIntosh and Jones based on their alleged deprivation of his books, publications, religious texts, and magazines will go forward, and the First Amendment claim against Jones based on any alleged denial of access to courts is **DISMISSED without prejudice**. The Plaintiff's motion for a temporary restraining order and preliminary injunction is **DENIED**.[1]

It is therefore **ORDERED** that service be made on Defendants Jones and McIntosh and that they file an answer or such other response as may be appropriate under Fed. R. Civ. P. 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. The Defendants are also reminded of the duty to avoid unnecessary service expenses and of the possible imposition of expenses for failure to waive service. The Plaintiff is

---

[1] To the extent the Plaintiff has asserted a Fourteenth Amendment claim based on the alleged taking of his property, the Court agrees for the reasons stated in the Recommendation that such a claim is **DISMISSED**.

reminded of his duty to keep the clerk of court and all opposing attorneys advised of his current address, duty to prosecute this action, and the provisions regarding discovery in the Magistrate Judge's order.

      **SO ORDERED**, this 26th day of April, 2016.

                                    S/ Marc T. Treadwell
                                    MARC T. TREADWELL, JUDGE
                                    UNITED STATES DISTRICT COURT