# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TODD UPSHAW, | : |
| Plaintiff, | : |
| VS. | : NO. 5:15-CV-00395h-MTT-MSH |
| GREGORY MCLAUGHLIN, *et al.*, | : |
| Defendants. | : |

## **REPORT AND RECOMMENDATION**

Presently pending before the Court is Waseem Daker's motion to intervene, filed on September 8, 2017. ECF No. 85. Daker's motion is ripe for review. For the reasons discussed herein, Daker's motion is denied.

## **BACKGROUND**

On October 19, 2015, Plaintiff Todd Upshaw filed this § 1983 action. ECF No. 1. His claims arise from his confinement at Macon State Prison. *Id.* at 2, 5-17. On February 23, 2017, the court granted the Defendants' motion for summary judgment as recommended by the Magistrate Judge. ECF No. Plaintiff, after failing to initially file objections to the Magistrate Judges' Recommendation, was allowed extra time to do so and on April 13, 2017, Plaintiff did file objections to the Recommendation. ECF No. 83. Waseem Daker filed his motion to intervene on September 8, 2017, along with his own objections to the Recommendation made in this case.

# DISCUSSION

## I. Intervention of Right

Daker asserts that he is entitled of intervention of right. The Court disagrees. Intervention of right occurs where an individual files a timely motion and

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Daker does not meet this standard.

Daker fails to meet the standard notwithstanding any discussion of the timelineness of his motion. Daker seeks relief for different claims, based on wholly different facts and allegedly perpetrated by different actors with different result. Daker's claims arise from his incarceration at Georgia State Prison and he presents different legal issues than Plaintiff. He can, in no way, claim an actual legal interest relating to the property or transaction that is the subject of this action. Daker alleges various constitutional and statutory violations. In fact, Daker has filed his own lawsuits asserting such allegations, and *those* are the proper vehicle for litigating his claims. Further, even assuming that Daker could demonstrate an actual legal interest, Daker has not demonstrated that the interest here is inadequately represented. Daker has no intervention as a matter of right under the Federal Rules and his motion should be denied.

## II. Permissive Intervention

For the reasons discussed herein, permissive intervention is inappropriate and the Court should decline to exercise its discretion to grant the same. *See* Fed. R. Civ. P. 24(b).

Daker attempts to use permissive intervention to circumvent the PLRA three strike requirement. Such requirements are part of Congress's legitimate effort to curtail abusive litigation and this Court will not permit Daker to usurp Congress's authority to do so.

The "three strikes" provision of the Prison Litigation Reform Act ("PLRA") prohibits a prisoner from bringing a civil action *in forma pauperis*

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Daker has filed more than three actions or appeals that were dismissed on the statutorily-enumerated grounds prior to his filing of a motion to intervene in this case: *Daker v. Mokwa,* Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis* and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous); Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing

Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19, 2016) (three-judge panel dismissing appeal as frivolous). Daker has therefore accrued more than three "strikes" for purposes of § 1915(g).

"The purpose of the PLRA is to curtail abusive litigation." *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). "Section 1915 only allows a prisoner to file three meritless suits at the reduced rate[.]" *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). "After the third meritless suit, the prisoner must pay the full filing fee at the time he initiates suit." *Id.* Daker has filed numerous meritless suits; he is a frequent filer. He has not prepaid a filing fee in the instant action and the Court should not allow him to proceed without doing so. Daker should not be permitted to utilize a motion to intervene to avoid prepaying the filing fee such that he can engage in abusive litigation.

## CONCLUSION

For the reasons stated above, it is recommended that Daker's motion to intervene be denied. ECF No. 85. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual

and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 15th day of September, 2017.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE