# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| TODD UPSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-395 (MTT) |
| | ) |
| Warden MCLAUGHLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

The Plaintiff has (1) moved to alter or amend the Court's judgment granting the Defendants' motion for summary judgment, and (2) moved for reconsideration of the Magistrate Judge's denial of his motions to compel. Doc. 78. For the reasons discussed below, the Plaintiff's motions are **DENIED**.

## I. BACKGROUND

On January 31, 2017, the Magistrate Judge recommended granting the Defendants' motion for summary judgment (Doc. 55). Doc. 74. On February 23, the Court granted the Defendants' motion (Doc. 55), adopting the Recommendation (Doc. 74) as modified. Doc. 75. On February 24, judgment was entered. Doc. 76. But, also on February 24, the Court received a filing from the Plaintiff, dated February 16, requesting a 14-day extension of time to object to the Recommendation (Doc. 74). Doc. 77. On March 6, the Plaintiff moved to amend or alter judgment, asserting that (1) he did not receive the Recommendation until February 6; (2) he gave prison officials his request for an extension of time to object (Doc. 77) on February 17; and (3) his request

for extension for time to object should have been considered before the Court adopted the Recommendation. Doc. 78. The Court agreed, and the Court ordered the Plaintiff to file his objections to the Recommendation within 14 days, at which point the Court would consider the objections as if they had been timely made and would alter or amend the judgment if doing so were warranted. Doc. 79 at 3. The Plaintiff has now filed his objections as ordered. Doc. 83.[1]

## II. DISCUSSION

### A. The Magistrate Judge's Denial of the Plaintiff's Motions to Compel

A pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted). When his objection is liberally construed, the Plaintiff has moved for reconsideration of the Magistrate Judge's order (Doc. 74) denying the Plaintiff's motions to compel (Docs. 45; 54; 61). Doc. 83 at 1-3. This Court "may reconsider any pretrial matter [decided by the Magistrate Judge] . . . where it has been shown that the [M]agistrate [J]udge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Brown v. United States*, 748 F.3d 1045, 1055 (11th Cir. 2014) (citing 28 U.S.C. § 636(b)(1)(A)); *Muhammad v. HSBC Bank USA, N.A.*, 399 F. App'x 460, 462 (11th Cir. 2010) ("Specifically, a district court may delegate non-dispositive pretrial matters to a magistrate judge for a determination, which the district court can reconsider if 'clearly erroneous or contrary to law.' 28 U.S.C. § 636(b)(1)(A)."). The Court must consider the Plaintiff's motion because "summary judgment should not be granted until the party

---

[1] The Plaintiff moved for an extension of time to respond to the Court's order and object to the Recommendation. Doc. 80. The Court granted that motion in a text-only order. Doc. 81.

opposing the motion has had an adequate opportunity for discovery." *Snook v. Trust Co. of Ga.*, 859 F.2d 865, 870 (11th Cir. 1988) (citations omitted); *see also Vining v. Runyon*, 99 F.3d 1056. 1058 (11th Cir. 1996) ("This court has held that it is error for a district court to decide a summary judgment motion before ruling on an outstanding motion to compel." (citing *Snook*, 859 F.2d at 871)).

Specifically, the Plaintiff argues that he was unfairly denied "the policy which authorized his October 30th, 2013, personal property confiscation, his October 30th, 2013, placement hearing, his October 23rd, 2013, Tier II Program Ad. Seg. Assignment Memo Attachment Form 1, STG polic[i]es and files p[er]taining to any and all relevant hearings conducted with him, mailroom documentation p[er]taining to all incoming publication, etc." Doc. 83 at 2. The Magistrate Judge denied the Plaintiff's motions to compel because the "Defendants responded to the Plaintiff's numerous discovery requests." Doc. 74 at 3. The Magistrate Judge also noted that the motions to compel discovery appeared to be outside of the discovery period for several relevant defendants and therefore in the alternative "[t]o the extent that Plaintiff's motions to compel were filed outside of the applicable discovery periods, they are denied." *Id.*

The record shows that the Defendants provided the Plaintiff copies of his Administrative Assignment Memos, a personal property confiscation inventory form, and other documents, and that the Defendants objected to the Plaintiff's other requests as "overbroad," "neither relevant to nor probative of the issues in this case," or "classified and not subject to release to inmates." Doc. 48-1 at 2-4. As the Magistrate Judge reasoned, the "Defendants responded to [Plaintiff's] numerous discovery requests," and "Plaintiff's speculation that 'Counsel is withholding discovery material' is not a sufficient

reason to compel discovery." Doc. 74 at 3. The Plaintiff has failed to show that the Magistrate Judge's order denying the Plaintiff's motions to compel was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Accordingly, the Motion for Reconsideration is **DENIED**, and the Plaintiff "has had an adequate opportunity for discovery" for the Court to consider summary judgment against him. *Snook*, 859 F.2d at 870 (citations omitted).

**B.     The Report and Recommendation**

Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered the Plaintiff's objection and has made a de novo determination of the portions of the Recommendation to which the Plaintiff objects. The Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge as modified in the Court's previous order. Doc. 75.

### III. CONCLUSION

Accordingly, the Recommendation was properly adopted, the Magistrate Judge properly denied the Plaintiff's motions to compel, and the Plaintiff's motion to alter or amend judgment and motion for reconsideration (Doc. 78) are **DENIED**.

**SO ORDERED**, this 18th day of September, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT