IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TODD UPSHAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:15-CV-395 (MTT) |
| | ) |
| Warden MCLAUGHLIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER

Waseem Daker has moved to intervene in this case. Doc. 85. United States Magistrate Judge Stephen Hyles recommends denying Daker's motion. Doc. 87. Daker has objected to the Recommendation. Doc. 91.[1] Pursuant to 28 U.S.C. § 636(b)(1), the Court has reviewed Daker's objection and has made a de novo determination of the portions of the Recommendation to which Daker objects. The Court has reviewed the Recommendation, and the Court accepts the findings, conclusions, and recommendations of the Magistrate Judge. The Recommendation (Doc. 87) is **ADOPTED** and made the Order of this Court.[2] Accordingly, the motion to intervene (Doc. 85) is **DENIED**.

---

[1] It is not entirely clear that Daker's objection is timely. His objection is dated October 2, and the Court received it on October 10. Doc. 90 at 4. Also dated October 2 and received by the Court on October 10, Daker moved to extend time to object, arguing that he needs the extension because he did not receive the Recommendation until September 26. Doc. 91. The motion for an extension of time (Doc. 91) is **GRANTED**, and the Court considers Daker's objection (Doc. 90) as timely filed.

[2] Further, the Court notes that the PLRA's "three-strikes" provision may bar Daker from intervening in this case. Once a prisoner obtains "three strikes," which, as the Magistrate Judge notes, Daker has done, that prisoner is barred from bringing a civil law suit *in forma pauperis*. 28 U.S.C. § 1915(g). So, following a third meritless suit, "[a] prisoner must pay the full filing fee at the time he initiates suit." *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Moreover, the PLRA requires *each* prisoner who is a party to a lawsuit to pay the full filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). Here,

## **MOTIONS TO PROCEED IFP ON APPEAL**

Because Daker has already filed a notice of appeal and motion to appeal IFP in at least two other cases where he attempted to intervene,[3] the Court anticipates he may do so again. To proceed IFP on appeal, Daker must prove (1) he is financially unable to pay the filing fee and (2) that the appeal is taken in good faith. *See* 28 U.S.C. § 1915; Fed. R. App. P. 24. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.* An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'" (citations omitted)). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted). In this case, there are no non-frivolous issues to raise on appeal, and thus any appeal would not be taken in good faith. Accordingly, any motion to proceed *in forma pauperis* on appeal is **DENIED**.

---

Daker seeks to intervene in this matter—and thus he seeks to become a party to the law suit—without paying the filing fee. Allowing him to do so may therefore conflict with PLRA's "three strikes" provision. Accordingly, the PLRA's bar may supersede a right to intervene in this matter pursuant to Rule 24. *See Hubbard*, 262 F.3d at 1198 ("[T]o the extent that the Rules Enabling Act . . . actually conflicts with the PLRA, we hold that the statute repeals the Rule."); *Mitchell v. Farcass*, 112 F.3d 1483, 1489 (11th Cir. 1997) (finding that when a rule under the Rules Enabling Act, specifically Fed. R. App. P. 24, directly conflicts with the PLRA then "the statute repeals the rule").

[3] *Gumm v. Jacobs*, Case No. 5:15-cv-41, Doc. 105 (M.D. Ga. Oct. 2, 2017); *Sterling v. Sellers*, Case No. 5:16-cv-13, Doc. 42 (M.D. Ga. June 6, 2017).

**SO ORDERED**, this 16th day of October, 2017.

S/ Marc T. Treadwell  
MARC T. TREADWELL  
UNITED STATES DISTRICT COURT